UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABILITIES REHABILITATIONS
CENTER FOUNDATION, INC.,

        Plaintiff,

v.                                    Case No. 8:10-cv-1676-T-33TBM

MOUNT VERNON FIRE INSURANCE COMPANY,

        Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Plaintiff Abilities Rehabilitation Center Foundation, Inc.'s Motion for Remand (Doc. # 4), filed on August 16, 2010. Defendant Mount Vernon Fire Insurance Company filed a Response in Opposition on August 24, 2010. (Doc. # 6). On September 1, 2010, Abilities filed a Reply. (Doc. # 11). For the reasons stated below, the Court grants Abilities' Motion for Remand.

**I.  Background**

    Abilities purchased an insurance policy from Mount Vernon. (Doc. # 18 at 2). During the time the insurance policy was in effect, Abilities hosted an event at Tropicana Field, located in St. Petersburg, Florida. (Doc. # 18 at 3). Wendy Buscemi, an employee of one of the vendors at the event, alleged that she fell during the event and was injured. (Doc. # 18 at 3). Buscemi sued Abilities in state court in November of 2009, seeking "damages,

1

costs, prejudgment interest for any portion of the damages that have been previously liquidated, and any other relief this Court deems appropriate." (Doc. # 18-2 at 4). She did not make a specific claim for damages in her complaint. (See Doc. # 18-2).

Abilities turned Buscemi's complaint over to Mount Vernon. (Docs. ## 18 at 3-4; 6 at 2). Mount Vernon refused to provide Abilities with a defense in the Buscemi action, or to indemnify Abilities in the case of a settlement or judgment. (Docs. ## 18 at 4; 6 at 2). Thereafter, Abilities filed the instant action against Mount Vernon for breach of the insurance contract and declaratory relief in the Sixth Judicial Circuit in and for Pinellas County. (Doc. # 2).

Abilities' Amended Complaint states that "[t]his is an action for damages and for declaratory relief valued in excess of fifteen thousand dollars ($15,000), exclusive of interest, attorneys' fees, and costs." (Doc. # 18 at 1). Additionally, Abilities has asked the Court "to determine and declare the rights and duties of the parties under a policy of liability insurance issued by [Mount Vernon]" and to "award[] attorneys' fees and taxable costs pursuant to Section 627.428, Florida Statutes." (Doc. # 18 at 6, 8).

Mount Vernon removed the case to this Court on July 28, 2010, alleging diversity jurisdiction. (Doc. # 1). There is no dispute that the parties are diverse. (Doc. # 4 at 2). Abilities is a Florida non-profit organization with its principal place of

business in Florida, while Mount Vernon is a Pennsylvania corporation, with its principal place of business in Pennsylvania. (Doc. # 1 at 3-4).

In the Notice of Removal, Mount Vernon submitted that "the amount in controversy . . . meets or exceeds the jurisdictional requirements for diversity jurisdiction." (Doc. # 1 at 3). Abilities, on the other hand, argues that Mount Vernon has not borne its burden of proving that the amount in controversy exceeds $75,000. (Doc. # 4).

## II. Standard on Motion to Remand

Under 28 U.S.C. § 1441, the defendant can remove an action to United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In this case, the only question is whether the amount in controversy exceeds the $75,000 jurisdictional threshold.

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); see Vax-D Med. Techs., LLC v. Evanston Ins. Co., 2005 WL 2675021, at *2 (M.D. Fla. Oct. 20, 2005); Forest

3

v. Penn Treaty Am. Corp., 270 F. Supp. 2d 1357, 1360 (M.D. Fla. 2003)(explaining that when the plaintiff objects to removal, the burden of proof is on the defendant to prove that the case was properly removed by a preponderance of the evidence).

Where damages are uncertain because the plaintiff seeks declaratory relief, the amount in controversy is the "value of the object of litigation" or the "the value of the right to be protected." Phillips Excavating & Constr., Inc. v. Mount Vernon Dire Ins. Co., 2008 WL 2856579, at *3 (M.D. Fla. July 22, 2008) (citing Davis Tune, Inc. v. Precision Franchising, LLC., 2005 WL 1204618 (N.D. Fla. 2005)); see also Vax-D Med., 2005 WL 2675021, at *2.  Finally, removal statutes are narrowly construed and "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

**III. Discussion**

Abilities has not made a specific request for damages in the Amended Complaint. (Doc. # 18 at 1). Instead, Abilities has requested: (i) a declaration that Mount Vernon has a duty to defend and indemnify Abilities in the Buscemi action; (ii) unspecified damages arising from the alleged breach of the insurance contract; and (iii) an award of attorneys' fees pursuant to Florida Statute Section 627.428.  (Doc. # 18).

4

1. **Declaratory Relief**

Pursuant to Abilities' claim for declaratory relief, Mount Vernon argues that the amount in controversy exceeds $75,000, asserting that "the amount of liability for which Abilities is allegedly covered under the policy is $1,000,000, plus defense costs and fees in the underlying action." (Doc. # 6 at 5-6).  On the other hand, Abilities asserts that Mount Vernon has failed to prove by a preponderance of the evidence that this amount will exceed $75,000.

In actions for declaratory relief, the amount in controversy is the value of the requested declaratory relief, or the benefit that would flow to Abilities if Mount Vernon were required to defend and indemnify Abilities in the Buscemi action. Vax-D Med., 2005 WL 2675021, at *2.  There is no indication in the Buscemi complaint regarding the amount of damages that Buscemi is seeking from Abilities, nor is there any indication of how much it would cost to defend Abilities in the Buscemi action. (See Docs. ## 18-2; 6).

The benefit that would flow to Abilities if the Court found that Mount Vernon had a duty to defend and indemnify Abilities in the Buscemi action is "purely speculative." See Vax-D Med., 2005 WL 2675021, at *2.  Mount Vernon has failed to prove that the benefit Abilities would receive by way of its request for declaratory relief will more likely than not exceed $75,000.

### 2. **Breach of Contract Damages**

Additionally, Abilities asserts that Mount Vernon "breached the express terms of the Insurance Policy by failing to defend [Abilities], and by repudiating its obligations to indemnify [Abilities]" and prays for unspecified damages. (Doc. # 18 at 5). Mount Vernon concludes, without citing any evidentiary support, that the damages associated with the alleged breach of contract count "clearly exceed the $75,000.00 jurisdictional threshold."[1] (Doc. # 6 at 6). However, neither Mount Vernon's Response nor the Notice of Removal provide any evidence to establish its assertion.[2] Mount Vernon has failed to demonstrate that such damages exceed $75,000 by a preponderance of the evidence. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 747 (11th Cir. 2010).

### 3. **Attorneys' Fees**

Abilities requests its attorneys' fees accrued in connection with the filing of this action pursuant to Florida Statute Section 627.428. (Doc. # 18 at 5, 8, 11). Mount Vernon argues that "the Court must also consider . . . the attorneys fees and costs associated with the bringing of the instant action" in its

---

[1] The issue of attorneys' fees and costs is considered below.

[2] Buscemi's unsworn pre-suit demand letter, included in the Notice of Removal, is not considered "other paper" for the purposes of satisfying the amount in controversy requirement. Saberton v. Sears Roebuck & Co., 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005); Depina v. Iron Mountain Info. Mgmt., Inc., 2005 WL 1319231, at *1 (M.D. Fla. June 1, 2005).

jurisdictional analysis. (Doc. # 6 at 4). The amount of attorneys' fees that Abilities could be awarded, like the benefit that could flow to Abilities based on its declaratory relief claim and the damages associated with the breach of contract claim, is purely speculative. Wheeler v. Allstate Floridian Indemn. Co., 2006 WL 1133249, at *2 n.13 (N.D. Fla. Apr. 26, 2006); see Vax-D Med., 2005 WL 2675021, at *2. In Wheeler, the court analyzed a similar argument and held that

> [T]o the extent Allstate relies upon the inclusion of any attorneys' fees to establish the amount in controversy in this case, the court finds there is no basis for determining what amount, if any, would be awarded. There is no evidence relating to an estimated amount of fees for a breach of contract case such as that presented here, nor is there any evidence of the anticipated amount of fees that will accrue in the instant case. Accordingly, the court again is left with only speculation as to the possible amount of an award, which is insufficient for its consideration of the amount in controversy in this case.

Wheeler, 2006 WL 1133249, at *2 n.13. Similarly, Mount Vernon's bald assertion that the Court must consider the fees and costs Abilities accrued in bringing the instant action simply does not prove that such fees and costs are more likely than not to push the total amount in controversy beyond the $75,000 jurisdictional threshold.

**IV. Conclusion**

Mount Vernon has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. There is nothing but speculation

7

to suggest that the relief requested in this action exceeds the $75,000 jurisdictional threshold.

Given that "uncertainties are resolved in favor of remand," Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994), the Court finds that Mount Vernon has failed to prove that the amount in controversy exceeds $75,000. Consequently, the Court concludes that it lacks subject matter jurisdiction, and this case must be remanded to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiff Abilities Rehabilitation Center Foundation's Motion for Remand (Doc. # 4) is hereby **GRANTED**. This case is hereby **REMANDED** to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

2. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Sixth Judicial Circuit in and for Pinellas County, Florida. The Clerk is further directed to close the case and terminate all previously scheduled deadlines and pending motions.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of November 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record